FILED
United States Court of Appeals
Tenth Circuit

April 23, 2021

Christopher M. Wolpert
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

MARK E. SELLS,

      Petitioner - Appellant,

v.

SCOTT CROW,

      Respondent - Appellee.

No. 21-5014
(D.C. No. 4:20-CV-00323-CVE-CDL)
(N.D. Okla.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

_____

Before **McHUGH**, **KELLY**, and **BRISCOE**, Circuit Judges.

_____

Petitioner Mark Sells, an Oklahoma state prisoner appearing pro se, requests a certificate of appealability (COA) so that he may appeal the district court's order dismissing as untimely his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Because Sells has failed to satisfy the standards for issuance of a COA, we deny his request and dismiss the matter.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I

A

On May 18, 2004, Sells was charged in the District Court of Washington County, Oklahoma, with two counts of shooting with intent to kill. On that same day, the state trial court issued a warrant for Sells' arrest.

On December 17, 2004, the state trial court scheduled an initial appearance for February 18, 2005, and noted that Sells was incarcerated at the Federal Correctional Institution in El Reno, Oklahoma (FCI-El Reno). On December 29, 2004, the state trial court, acting upon a motion filed by the State, issued a writ of habeas corpus ad prosequendum. For reasons unclear from the record, that writ was returned unserved and Sells did not appear for his scheduled initial appearance on February 18, 2005.

On April 26, 2005, the state trial court, acting pursuant to a second motion filed by the State, issued another writ of habeas corpus ad prosequendum. On that same day, the district attorney sent a letter to officials at FCI-Reno notifying them that Sells had pending criminal charges in Washington County and that the state trial court had issued a writ directing the sheriff to transport Sells to state court for an initial appearance.

On May 5, 2005, Sells was transported to Washington County and he made his initial appearance before the state trial court on May 6, 2005. Sells remained at the Washington County jail until June 2, 2005, when he was returned to FCI-El Reno.

On October 4, 2005, Sells filed a motion with the state trial court to dismiss the charges against him, arguing that the State violated two provisions of the Interstate

2

Agreement on Detainers (IAD) by sending him back to federal prison before his trial and by failing to commence the trial within 120 days of his first appearance in state court.

On October 5, 2005, the state trial court issued a writ of habeas corpus ad prosequendum in order to secure Sells' appearance at a preliminary hearing scheduled for October 13, 2005. At the preliminary hearing on October 13, 2005, the state trial court considered and denied Sells' motion to dismiss the charges against him. In doing so, the state trial court found that the State did not lodge a detainer against Sells with federal prison officials, and it in turn concluded that the IAD's provisions did not apply. At the end of the preliminary hearing, the state trial court found probable cause to bind Sells over for trial.

Sells was tried before a jury in November 2006. At the conclusion of the evidence, the jury found Sells guilty of one count of shooting with intent to kill and one count of assault with a dangerous weapon, and the jury recommended that Sells be sentenced to thirty-five years' imprisonment for the shooting with intent to kill conviction and eight years' imprisonment on the assault conviction. On December 20, 2006, the state trial court sentenced Sells in accordance with the jury's recommendations, and ordered that the sentences be served consecutively.

Sells filed a direct appeal with the Oklahoma Court of Criminal Appeals (OCCA) challenging his convictions and sentences. On March 31, 2008, the OCCA issued an unpublished summary opinion affirming Sells' convictions and sentences. Sells did not file a petition for writ of certiorari with the United States Supreme Court.

B

In late 2018, Sells purportedly became suspicious, after reading an article in a newsletter, that his rights under the IAD may have been violated prior to his trial. On May 15, 2019, Sells found a copy of the letter that the district attorney in his criminal case sent to federal authorities at FCI-El Reno on April 26, 2005, notifying them that Sells had pending criminal charges against him in Washington County, Oklahoma, and that the state trial court had issued a writ directing the sheriff to transport Sells to state court for an initial appearance. Sells concluded that this letter effectively served as a detainer for purposes of the IAD.

On July 1, 2019, Sells filed an application for state post-conviction relief asserting three claims for relief, all of which hinged, to one degree or another, on Sells' claim that his rights under the IAD had been violated when the state trial court allowed him to return to federal custody after his initial appearance and before his trial. The state trial court denied Sells' application on December 2, 2019, and the OCCA subsequently affirmed that denial in an order filed on March 2, 2020. Sells also alleged, in one of the claims, that the state trial court erred by refusing to call a mistrial after it was revealed during the sentencing proceeding that a witness who had been housed in the Washington County jail with Sells had provided the district attorney prior to trial with a written statement outlining the witness's failed attempts to obtain a taped confession from Sells while they were in adjoining jail cells. The OCCA concluded that Sells' claims were either barred by res judicata because he raised them on direct appeal or were waived because he failed to raise them on direct appeal.

4

## C

On June 30, 2020, Sells initiated these federal habeas proceedings by filing a pro se petition for writ of habeas corpus and a supporting brief. Sells asserted four claims for relief in his petition. In his first claim, Sells alleged that the State violated certain provisions of the IAD before his trial, which in turn deprived the state trial court of jurisdiction over him. Sells alleged that the state trial court, by allowing him to be tried, convicted, and sentenced, violated his due process and equal protection rights. In his second claim, Sells alleged that he was denied the effective assistance of counsel because his trial counsel aided the State in violating the IAD by agreeing to a continuance on August 15, 2015, and by failing to adequately brief and argue the motion to dismiss the charges against Sells based on the IAD violations. In his third claim for relief, Sells alleged that his constitutional right to due process was violated because the district attorney withheld potentially exculpatory evidence, i.e., the written pretrial statement from the witness who was housed with Sells at the Washington County jail. In his fourth and final claim for relief, Sells alleged that he was denied fair and impartial hearings and a trial in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution. In support, Sells alleged that the district attorney intentionally lied under oath to the state trial court when he stated that no detainer had been lodged against Sells, and that this lie resulted in Sells being illegally tried and convicted.

Respondent moved to dismiss Sells' petition as time-barred under 28 U.S.C. § 2244(d)(1)(A). On January 21, 2021, the district court issued an opinion and order granting respondent's motion to dismiss and dismissing Sells' petition with prejudice.

5

The district court concluded that Sells' criminal "judgment . . . became final on June 30, 2008, when the time expired for seeking further direct review," and that his "one-year limitation period" under § 2244(d)(1)(A) "commenced the next day, on July 1, 2008, and expired one year later, on July 1, 2009." ECF No. 20 at 9. The district court in turn concluded that Sells' "application for postconviction relief, filed July 1, 2019, had no tolling effect on this one-year limitations period because [Sells] filed the application 10 years after his one-year limitation period expired." *Id*. The district court also concluded that the circumstances described by Sells did not "warrant equitable tolling from July 1, 2008," when the one-year limitations period "commenced, to May 15, 2019, when he discovered the purported detainer." *Id*. at 13. The district court explained that Sells' actions, when viewed in their entirety, did not establish that he "acted with the requisite diligence to support equitable tolling." *Id*. at 14.

In addition, the district court rejected Sells' argument that his petition was timely under § 2244(d)(1)(d) "because he could not prove his claims until May 15, 2019, when he discovered the purported detainer." *Id*. at 11. The district court noted that "the state district court found that the [S]tate did not lodge a detainer against [Sells]" and "[Sells] did not challenge that finding on direct appeal," and the district court in turn concluded that Sells failed to present clear and convincing evidence to establish that the state district court's finding was incorrect. *Id*. Further, the district court concluded that Sells "knew the factual predicate of his ground one claim in 2005, even if he did not discover evidence to support that claim, namely, the purported detainer, until May 15, 2019." *Id*. The district court also concluded that even if "the letter should be construed as a detainer,

6

the record show[ed] that a habeas petitioner exercising reasonable diligence could have discovered the purported detainer as early as 2005." *Id*. at 12.

Lastly, the district court rejected Sells' assertion that he was actually innocent of the charge of shooting with intent to kill. The district court noted that "the evidence [Sells] appear[ed] to rely on," i.e., "a portion of his sentencing transcript containing testimony about unfruitful attempts to obtain inculpatory evidence against [him] and the witness's written statement about the same, [wa]s not new." *Id*. at 15. Further, the district court noted that "the fact that [Sells] was present at his 2006 sentencing hearing and heard the witness's testimony about the written statement and the attempts to obtain a tape-recorded confession from" Sells "severely undermine[d] the credibility of [his] claim, asserted 14 years later, that the allegedly withheld written statement and audiotapes would prove his actual innocence." *Id*.

As part of its opinion and order, the district court denied Sells a COA. Final judgment in the case was entered on the same day as the district court's opinion and order.

Sells filed a notice of appeal on February 8, 2021. On February 16, 2021, Sells filed a pleading with this court that we shall construe as an application for COA.

II

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). "Federal law requires that he first obtain a COA from a circuit justice or judge." *Id*. (citing 28 U.S.C. § 2253(c)(1)). To obtain a COA, a state prisoner must make

7

"a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires the prisoner to "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (alteration in original) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). In other words, the prisoner must show that the district court's resolution of the claims was "debatable or wrong." *Slack*, 529 U.S. at 484. When a district court dismisses a § 2254 claim on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct. *Id*. at 484-85.

Sells first argues in his application for COA that the district court erred in addressing and rejecting his actual innocence claim. According to Sells, he is actually innocent because (a) "[t]he suppressed detainer . . . was evidence requiring all charges to be dismissed w/prejudice" prior to trial, and (b) "there is a 'reasonable probability' the withheld [Brady] evidence . . . would have convinced the Jury that" he was not guilty of shooting with intent to kill. App. at 4. What Sells fails to address, however, is the district court's conclusion that his claims of actual innocence rest not on newly discovered evidence, but rather on evidence that was available to him at the time of his

direct appeal.  Based upon our review of the record on appeal, we conclude that reasonable jurists would not find this conclusion debatable.[1]

Sells next argues that the district court erred "when it considered applying 'Equitable Tolling' over 'Judicial Estoppel', as equitable tolling requires ongoing due diligence, whereas judicial estoppel does not." *Id*. at 8.  We reject this argument.  The doctrine of judicial estoppel "typically applies when, among other things, a party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled." *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 170 (2010) (quotation marks omitted).  We conclude, based upon our review of the record on appeal, that the doctrine has no applicability to the question of whether his federal habeas petition was timely or not.  As for the district court's ruling on the issue of equitable tolling, Sells makes no attempt to establish that reasonable jurists would find it debatable.

In the remainder of his application, Sells touches on the merits of the claims asserted in his habeas petition and argues that the district court's ruling was "'contrary to' the evidence presented . . . and both 'contrary to' and in 'an unreasonable application of'" Supreme Court precedent, "with this ruling being very debateable [sic] by reasonable

---

[1] We also note that Sells' first stated basis for actual innocence, which he alleges the district court overlooked, would not establish his factual innocence of the charged crimes, but instead would only amount to a technical defense to the prosecution. *See Bousley v. United States*, 523 U.S. 614, 623-24 (1998) (holding "that 'actual innocence' means factual innocence, not mere legal insufficiency").

9

jurists." *Id*. at 11.  Notably, however, Sells does not discuss the remainder of the district court's procedural ruling, which analyzed the timeliness of his federal habeas petition, nor does he otherwise attempt to establish that his habeas petition was timely filed. Consequently, we conclude he has failed to establish that reasonable jurists would find the district court's analysis debatable.

The application for COA is therefore DENIED and the matter is DISMISSED.


Entered for the Court


Mary Beck Briscoe
Circuit Judge